```
           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**JOHN T. BAKER,**

              **Plaintiff,**

      v.                                      **CASE NO.09-3143-SAC**

**MAJOR COLE, et al.,**

              **Defendants.**

**O R D E R**

This matter is before the court on a complaint seeking relief under 42 U.S.C. § 983, filed pro se by a prisoner incarcerated in the El Dorado Correctional Facility in El Dorado, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[1] the court grants plaintiff

---

[1]See Baker v. Williams, Case No. 07-3093-SAC ($350.00 district court filing fee); Baker v. Hennessy, Case No. 07-3127-JWL ($350

leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In the present case, plaintiff's bare and sparse one page

---

district court filing fee); and Baker v. Williams, Case No. 07-3281-SAC ($350 district court filing fee).

"complaint" states only that he is entitled to damages under 42 U.S.C. § 1983, and declaratory and injunctive relief.[2] The sparse allegations in plaintiff's bare pleadings appear to center on his confinement in the Shawnee County Jail at some unspecified time. Plaintiff states only that he was provided a food loaf diet for a week, denied a mattress and sheets for a week, and denied a toilet, sink and shower for two weeks. No dates or supporting facts are provided to establish the timeliness or context of plaintiff's allegations, and plaintiff alleges no personal participation by the three Shawnee County officers named as defendants in any alleged misconduct. *See* Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")(quotation omitted). This is insufficient. Absent amendment of the complaint to allege sufficient facts to establish a plausible cognizable cause of action under 42 U.S.C. § 1983 against any of the three named defendants, the court finds this action is subject to being summarily dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

---

[2] Plaintiff's separate "1983 Motion for Injunction" (Doc. 2), which is the only document containing plaintiff's limited facts and designating the relief being sought, is liberally construed by the court as part of plaintiff's complaint rather than a separate motion.

To avoid summary dismissal of the complaint, plaintiff is granted an opportunity to file an amended complaint on a court approved form complaint,[3] and to supplement his allegations to address the deficiencies identified by the court. The failure to do so in a timely manner may result in the complaint being summarily dismissed for the reasons stated herein, and without further prior notice to plaintiff.

Plaintiff's motion for appointment of counsel is denied without prejudice to plaintiff renewing his motion if the court finds service of summons is warranted on any claim remaining after the court completes its screening of the complaint under 28 U.S.C. § 1915A.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) is granted, with payment of the $350.00 district court filing fee to be collected from plaintiff's inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's outstanding prior fee obligations have been fully satisfied.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for an injunction (Doc. 2) is denied without prejudice because the pleading is liberally construed by the court as part of plaintiff's complaint.

---

[3] *See* D.Kan. Rule 9.1(a)("[C]ivil rights complaints by prisoners under 42 U.S.C. § 1983 ... shall be on forms approved by the court and supplied without charge by the clerk of the court upon request.")

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days from the date of this order to amend the complaint with a court approved form complaint to cure the deficiencies identified by the court.

**IT IS SO ORDERED.**

DATED:  This 3rd day of September 2009 at Topeka, Kansas.

                                             s/ Sam A. Crow  
                                            SAM A. CROW  
                                            U.S. Senior District Judge